1  Bruce D. Praet SBN 119430
   **FERGUSON, PRAET & SHERMAN**
2  A Professional Corporation
   1631 East 18th Street
3  Santa Ana, California  92705-7101
   (714) 953-5300 telephone
4  (714) 953-1143 facsimile
   bpraet@aol.com
5
   Attorneys for Defendant Officer Rocha
6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 | CHARLES HEAD,                      ) NO. 8:21-cv-01317 DOC (DFM)
                                        )
12 |         Plaintiff,                 ) **DEFENDANT ROCHA'S**
                                        ) **NOTICE OF MOTION AND**
13 | v.                                 ) **MOTION TO DISMISS**
                                        )
14 | OFFICER J ROCHA, KENNETH CHIN      ) **[F.R.Civ.P. Rule 12(b)6]**
     and JOHN DOE,                      )
15 |                                    ) **DATE: January 31, 2022**
             Defendants.                ) **TIME:  8:30 a.m.**
16 |_____    ) **CTRM: 9D**

17        PLEASE TAKE NOTICE that on January 31, 2022, at 8:30 a.m., Defendant

18 J. Rocha, will and does bring a motion to dismiss all claims pursuant to F.R.Civ.P.,

19 Rule 12(b)6, in Courtroom 9D, of the above entitled court located at 411 W.

20 Fourth Street, Santa Ana, California.  Said motion will be based upon:

21        1.  Failure to state sufficient facts upon which to state a claim.

22        2.  All claims are barred by applicable statutes of limitation.

23        This motion will be submitted on these moving papers as well as all

24 pleadings, exhibits and oral argument presented at hearing.

25 Dated: December 21, 2021            FERGUSON, PRAET & SHERMAN
                                       A Professional Corporation
26
                                       By:    /s/   Bruce D. Praet
27                                     Bruce D. Praet, Attorneys for
                                       Defendant Rocha
28

## 1. **PREFATORY STATEMENT.**

Given Plaintiff's election [Doc. 7] to voluntarily dismiss the claims identified by Magistrate Judge McCormick as time barred [Doc. 6], Defendant will not be addressing any state claims set forth in his Complaint [Doc. 1], but will instead address only any remaining federal claims under the Fourth and Fourteenth Amendments.

Although *pro se* lawsuits by inmates are often difficult to decipher, it would appear that Plaintiff has been honing his jailhouse legal skills by filing no less than four federal lawsuits during the sixteen years of his apparent incarceration [See: Plaintiff's list of other lawsuits, Doc. 10]. However, sorting through his current complaint and public records contained in court records, the relief Plaintiff seems to be seeking seems to involve:

- **September 5, 2005** - LaHabra Officer Rocha located and seized a Tech-9 automatic weapon in Plaintiff's residence while responding to an audible burglar alarm. [See: ¶1 of Complaint & exhibit "A" to Plaintiff's Complaint]

- **April 27, 2006** - Plaintiff entered a guilty plea to misdemeanor charge of Penal Code § 12280(b) - possession of an unregistered assault weapon and was sentenced to 40 hours of community service with three years of informal probation. [See: exhibit "B" to Plaintiff's Complaint] Plaintiff acknowledges that he entered a guilty plea because his attorney confirmed that the involved weapon was not registered. [See: ¶18-19 of Plaintiff's declaration to Motion to Vacate Sentence filed on January 7, 2021, attached hereto as exhibit "1"][1]

- **September 11, 2014** - Plaintiff was sentenced by the Hon. Kimberly Mueller to two consecutive 210 month terms in federal prison as a

---

[1] The Court is respectfully requested to take judicial notice of court pleadings as a matter of public record. FRE, Rule 201.

−2−

      result of a nationwide foreclosure scheme. [USDC Case No. 2:08-cr-00093 KJM, Eastern Dist. Cal, Doc. 983 attached as exhibit "2"].

- **January 7, 2021** - after realizing that the federal probation officer had included his 2006 probation status in the pre-sentencing report in his federal case, Plaintiff filed his motion to vacate his underlying conviction for 12280(b) pursuant to California Penal Code § 1473.7(a)(2) [See: exhibit "1"], in which he acknowledged that the inability of both his attorney and LHPD Officer Rocha to locate valid registration for the involved weapon preceding his guilty plea was apparently the result of his girlfriend incorrectly identifying the weapon as a "Lugar" instead of the actual "Tech-9" onto the DOJ application at the time. [See: ¶9 and 10 of Plaintiff's declaration to exhibit "1"] That error was subsequently remedied and, as of February 10, 2021, Orange County Deputy DA Plunkett filed a stipulation for factual innocence based upon proof that the involved weapon is now properly registered [See: exhibit "3"].[2]

- **February 19, 2021** - The Orange County Superior Court granted the stipulation for a finding of factual innocence as to Plaintiff's 2006 guilty plea to the misdemeanor weapon charge. [See: exhibit "B" to Plaintiff's Complaint].

As evidenced by all of Plaintiff's many pending lawsuits and motions in various courts, his desire is to somehow have the federal court reduce his sentence which he contends was in part enhanced by his probation in 2006. While it is highly unlikely that Judge Mueller will grant such a request based upon his most recent finding of factual innocence, his current allegations against LHPD Officer Rocha are nonetheless time barred.

---

[2] Interestingly, there is no mention of the fact that Plaintiff, as a federally convicted felon, cannot lawfully possess a firearm.

−3−

## 2. PLAINTIFF'S CONSTITUTIONAL CLAIMS ARE TIME BARRED AND WERE NOT TOLLED.

Because there is no federal statute of limitations, the federal courts look to state law which, in California, provides a two year statute of limitations for personal injury actions. *Canatella v. Van De Kamp, 486 F3d 1128, 1132 (9th Cir. 2007); Calif. Civil Proc. Code § 335.1.* The accrual date for any such claim is determined by federal law and occurs when the plaintiff can file suit and obtain relief. *Wallace v. Kato, 549 U.S. 384, 388 (2007).* Given that Plaintiff has acknowledged that the incident giving rise to his current claims against LHPD Officer Rocha occurred in 2005 or, at the latest, in 2006, they are facially time barred as of 2008.

The only way Plaintiff could salvage his current claims is if the statute of limitations was somehow tolled. However, there is no legal basis for tolling the statute of limitations on any of Plaintiff's claims:

### a. Calif. Code of Civ. Proc. § 356 Does Not Toll the Statute.

California Code of Civil Procedure § 356 generally tolls any statute of limitations during such period as an individual was legally prevented from taking action to protect his rights. Applied to § 1983 claims, the Ninth Circuit has made it clear that 356 does not toll the statute of limitations. *Mills v. Covina, 921 F3d 1161, 1168 (9th Cir. 2019)* [statute of limitations not tolled during appeal of criminal conviction].

In the instant case, Plaintiff not only admits that he voluntarily entered a guilty plea to the misdemeanor weapon offense in 2006, but he took absolutely no action to appeal or otherwise challenge that conviction until 2021. There is zero evidence that he was in any way prevented from filing his present claims during the fifteen year period from his guilty plea until 2021.

### b. Calif. Code of Civ. Proc. § 352.1 Does Not Toll the Statute.

California Code of Civil Procedure § 352.1(a) also provides for a tolling period of up to two years during such time as an individual is incarcerated in jail

or prison at the time the cause of action would have accrued. First, Plaintiff has again acknowledged that he was never sentenced to serve any jail sentence which alone negates the application of 352.1. *Hightower v. Roman Catholic Bishop of Sacto.*, 142 Cal.App.4th 759, 768 (2006). Moreover, even if he had been incarcerated at the time of accrual, the maximum two year tolling period under 352.1 long ago expired. *Id.*

### c. There is no Heck Tolling.

In *Mills, supra.,* Plaintiff had argued that his claims should have been tolled during the period in which he was challenging his conviction on the theory that such claims would no longer be barred by the so-called Heck doctrine [*Heck v. Humphreys, 512 U.S. 477 (1994)*][3] However, the Ninth Circuit, followed the Supreme Court's rejection of such a theory:

> Because defendants need to be on notice to preserve beyond the normal limitations period evidence that will be needed for their defense; and a statute of limitations that becomes retroactively extended, by the action of the plaintiff in crafting a conviction-impugning cause of action, is a hardly a statute of repose. [*Wallace v. Kato, 549 U.S. 384, 395 (2007)*] Ultimately, nothing prevented Mills from commencing his suit during his criminal appeal. Had he done so, the district court could have determined whether his claims impugned his conviction. If so, the district court could have dismissed those claims without prejudice, and Mills could have refiled the claims once his conviction was reversed. *921 F3d at 1168.*

///

---

[3] Under Heck, a constitutional claim is barred if the underlying criminal conviction is valid.

Similarly, Plaintiff herein has acknowledged that nothing prevented him from filing his current suit within the applicable two year statute of limitations. If, as noted in *Mills,* Plaintiff had filed his claim back between 2006 and 2008, Defendants would have been put on notice that he was challenging his guilty plea conviction and could have preserved evidence pending any appeal. As it is, however, these Defendants are only now learning of this challenged fifteen years later when evidence has long ago been purged and some involved officers have since retired. Thus, while Plaintiff's most recent factual finding of innocence may or may not satisfy the *Heck* doctrine, his fifteen year delay cannot serve to toll the applicable two year statute of limitations.

### d. **Plaintiff is Not Entitled to Equitable Tolling.**

Because Plaintiff has also alleged that his current claims arise out of alleged fabrication and false representations by Officer Rocha and others, the application of "equitable tolling" must be addressed. Although sparingly applied to civil actions, the Supreme Court held that a plaintiff is entitled to equitable tolling of any statute of limitations "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins, 569 U.S. 383, 391 (2013).* Here, however, Plaintiff has acknowledged that he can meet neither burden:

- At the time of his arrest in 2005 and subsequent guilty plea in 2006, Plaintiff had possession of the underlying LHPD police report which he now claims contained false representations.
- Despite serving no jail time between 2006 and his arrest on federal fraud charges in 2008, Plaintiff did nothing to challenge his underlying misdemeanor conviction.
- Having legal representation at the time of his 2006 guilty plea, there was absolutely nothing, much less extraordinary, which stood in his way and prevented timely filing. On the contrary, Plaintiff only now seeks to proceed fifteen years later.

It is also critical to recognize that even the very nature of Plaintiff's current "finding of factual innocence" [exhibit "C" to Complaint] is based upon California Penal Code § 1473.7(a)(2) which is based on newly produced evidence. As Plaintiff explained in his declaration [¶9 and 10 of exhibit "1"], the lack of proper registration of the involved weapon was the result of a clerical error by his girlfriend and did not involve any sort of fabrication of evidence or false report by anyone at LHPD. While both Officer Rocha and Plaintiff's own attorney were unable to verify registration of the weapon in 2006 due to this clerical error, verification of registration was established in 2021, giving rise to the current factual finding of innocence. [See: Stipulation as exhibit "3"]

If, as Plaintiff now alleges, Officer Rocha or any other member of LHPD had fabricated evidence, filed a false police report or engaged in any other misconduct, any factual finding of innocence would have been made pursuant to Penal Code § 1473.6(a)(2) - false testimony by a government official or (a)(3) - fabrication of evidence by a government official. Despite being aware of Plaintiff's allegations of both false testimony and fabrication of evidence, the superior court did <u>not</u> make a finding of factual innocence on either ground, but instead simply made a finding that proof of weapon registration had been verified by the District Attorney as of 2021.

### 3. CONCLUSION.

Whether Plaintiff eventually persuades the district court to reduce his federal sentence, his untimely civil claims against these Defendants fifteen years later must be dismissed with prejudice.

Dated: December 21, 2021  FERGUSON, PRAET & SHERMAN
A Professional Corporation

By:  /s/  Bruce D. Praet
Bruce D. Praet, Attorneys for Defendants

| | |
|---|---|
| 1 | PROOF OF SERVICE |

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I, Cathy Sherman, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

     On December 21, 2021, I served the foregoing **DEFENDANT ROCHA'S NOTICE OF MOTION AND MOTION TO DISMISS** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Charles Head  
Reg No. 45494-112  
FCI Cumberland  
PO Box 1000  
Cumberland, MD 24501

XXX (By Mail) I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

\_\_\_ (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

\_\_\_ (State) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

XXX (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 21, 2021, at Santa Ana, California.

                                          /s/ Cathy Sherman  
                                          Cathy Sherman