**EXHIBIT "3"**

```
                                                    FILED
                                          SUPERIOR COURT OF CALIFORNIA
                                                COUNTY OF ORANGE
 1  TODD SPITZER, DISTRICT ATTORNEY           CENTRAL JUSTICE CENTER
    COUNTY OF ORANGE, STATE OF CALIFORNIA
 2  BY:   MATT PLUNKETT                            FEB 1 1 2021
 3        Deputy District Attorney            DAVID H YAMASAKI, Clerk of the Court
          State Bar Number 285166
 4  300 North Flower Ave                     BY:_____D. IBARRA_____, DEPUTY
    Santa Ana, CA 92704
 5
```

        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

        IN AND FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, ) | Case No.:06NF0855 |
| Plaintiff, ) | |
| ) | PEOPLE'S STIPULATION TO PLEA WITHDRAWAL AND MOTION TO DISMISS UNDER PENAL CODE SECTION 1385(a) |
| vs. ) | |
| CHARLES CHRISTOPHER HEAD, ) | |
| Defendant, ) | DATE: February 19, 2021 |
| ) | TIME : 9:30am |
| ) | DEPT: C37 |

Please take notice that on February 19, 2021, at 9:30a.m., or as soon thereafter as the matter may be heard in Department C-5 of the above-entitled court, the People will stipulate to the Defendant withdrawing his plea and make a motion to dismiss under Penal Code section 1385(a).

**INTRODUCTION**

Defendant has filed a motion to vacate his sentence pursuant to Penal Code section 1473.7(a)(2). He argues that his conviction must be set aside because there is newly discovered evidence related to the registration status of the firearm that was the basis for his conviction under former Penal Code section 12280(b). After running an Automated Firearms System check ("AFS"), the People agree that the firearm was lawfully registered at the time of the offense. For that reason, the People agree that Defendant's plea should be withdrawn and the case dismissed. Assuming the court withdraws the Defendant's plea and grants the PC 1385 motion, the court

1

will not need to make a determination as to whether this evidence is "newly discovered" within the meaning of Penal Code section 1473.7(a)(2), rendering that motion moot.

## STANDARD OF REVIEW

The court's discretion to dismiss under Penal Code section 1385 in the furtherance of justice is very broad. Furtherance of justice requires consideration of the constitutional rights of the defendant and the interests of society represented by the People. (*People v. Orin* (1975) 13 Cal.3d 937, 945; *People v. Superior Court (Flores)* (1989) 214 Cal.App.3d 127, 144.) In this evaluation the court must consider the interests of the People as equal in importance to the rights of the accused. (*People v. Andrade* (1978) 86 Cal.App.3d 963, 976.) " '[I]n view of the fundamental right of the People to prosecute defendants upon probable cause to believe they are guilty [citations], neither judicial convenience, court congestion, nor judicial pique, no matter how warranted, can supply justification for an order of dismissal.' " (*People v. Ferguson* (1990) 218 Cal.App.3d 1173, 1183.)

The reasons for the dismissal must be set forth on the record, including upon the minutes if requested by a party. (Pen. Code, § 1385, subd. (a); see, generally, *People v. Jones* (2016) 246 Cal.App.4th 92 [discussing effect of 2015 amendment to § 1385]; see also *People v. Fuentes* (2016) 1 Cal.5th 218, 231.) This requirement is mandatory. (*People v. Bonnetta* (2009) 46 Cal.4th 143, 149-151.) Moreover, the reasons given must be such as would motivate a reasonable judge. (*People v. Orin, supra,* 13 Cal.3d at p. 945; *People v. S.M.* (2017) 9 Cal.App.5th 210, 218; *People v. Verducci* (2016) 243 Cal.App.4th 952, 962.)

## FACTS

In 2006, Defendant's burglar alarm at his residence was activated while he was on vacation. Police responded and checked Defendant's home. In plain view in the bedroom, they saw an Intratec Tec-9 semi-automatic pistol. It was seized and booked for safekeeping. They left a note for the Defendant to retrieve it from the LHPD Police Department. LHPD Checks the registration and locates no registration history for the firearm. The Intratec Tec-9 is an illegal assault weapon pursuant to former Penal Code section 12276(b)(4) unless legally possessed and registered prior to 2001. LHPD sends Defendant a letter stating that he can retrieve his "Luger"

firearm if he gets some supporting paperwork from the California Department of Justice. Defendant fills out the paperwork describing it as a "Luger" and gets clearance from the California Department of Justice. When Defendant goes to pick up the firearm, he is arrested for PC 12280(b) and PC 118(a). He tells LHPD officers that he bought it legally from a gun store in the 90's and thought he could legally possess it.

A subsequent AFS check conducted in 2021, in response to Defendant's motion, showed that the firearm was registered in 1998 at the time of purchase. It is unclear what led to the error at the time of the check in 2006.

## MOTION

### I. THE PEOPLE STIPULATE AND JOIN IN ANY MOTION TO WITHDRAW DEFENDANT'S PLEA AND MAKE A MOTION TO DISMISS UNDER PC 1385(a)

The Defendant previously entered a guilty plea to former Penal Code section 12280(b), as a misdemeanor, on April 27, 2006. Penal Code section 12280(b) prohibited the possession of assault weapons and punished a violation as a wobbler. Penal Code section 12285 delineated a number of exceptions, the critical one here being that an individual who registered the firearm prior to a ban going into effect would be "grandfathered" into legal possession. Former Penal Code section 1285(a)(1)m which was later succeeded by Penal Code section 30900, stated:

> (a) (1) Any person who lawfully possesses an assault weapon, as defined in Section 12276, prior to June 1, 1989, shall register the firearm by January 1, 1991, and any person who lawfully possessed an assault weapon prior to the date it was specified as an assault weapon pursuant to Section 12276.5 shall register the firearm within 90 days with the Department of Justice pursuant to those procedures that the department may establish. Except as provided in subdivision (a) of Section 12280, **any person who lawfully possessed an assault weapon prior to the date it was defined as an assault weapon pursuant to Section 12276.1, and which was not specified as an assault weapon under Section 12276 or 12276.5, shall register the firearm within one year of the effective date of Section 12276.1**, with the department pursuant to those procedures that the department may establish. The registration shall contain a description of the firearm that identifies it uniquely, including all identification marks, the full name, address, date of birth, and thumbprint of the owner, and any other information that the department may deem appropriate.

3

People's Stipulation to Plea Withdrawal and Motion to Dismiss

Former Penal Code section 12285(c) read:

> (c) A person who has registered an assault weapon or registered a .50 BMG rifle under this section may possess it only under any of the following conditions unless a permit allowing additional uses is first obtained under Section 12286:
> (1) At that person's residence, place of business, or other property owned by that person, or on property owned by another with the owner's express permission.

In this case, the Defendant was in compliance with Penal Code section 1285(c). At the time of the offense the firearm had been registered to Defendant since 1998. As such, he was "grandfathered" into possessing it lawfully. The People therefore believe it is in the interest of justice to dismiss this case.

### CONCLUSION

For the foregoing reasons, the People respectfully request and stipulation that Defendant's plea may be withdrawn and the People move this court to dismiss the case under Penal Code section 1385(a).

Dated: February 10, 2021

Respectfully submitted,

TODD SPITZER, DISTRICT ATTORNEY

COUNTY OF ORANGE, STATE OF CALIFORNIA

By: *Matthew Plunkett*

MATT PLUNKETT

Deputy District Attorney

|   |   |
|---|---|
| 1 | **PROOF OF ELECTRONIC SERVICE** |

2  STATE OF CALIFORNIA       )
3  COUNTY OF ORANGE          )
4
5  RE:   *The People v. Charles Christopher Head*
       Case No. 06NF0855
6
7       I am a citizen of the United States; I am over the age of 18 years and not a party to the within entitled action; my electronic service address is: appellate@da.ocgov.com; my business address is: Office of the District Attorney, County of Orange, 300 North Flower Street, Santa Ana, CA 92703.
8
9       On February 11, 2021 I electronically served the PEOPLE'S STIPULATION TO PLEA WITHDRAWAL AND MOTION TO DISMISS UNDER PENAL CODE SECTION 1385(a) on the interested parties in said action by transmitting a true copy via electronic mail as follows:
10
11  Matthew Darling
    matthew.darling@pubdef.ocgov.com
12
13       I declare under penalty of perjury that the foregoing is true and correct.
14
15       Executed on February 11, 2021 at Santa Ana, California.

16  /s/ *Myrna Lopez*
    _____
17  Myrna Lopez
    ATTORNEY CLERK II