UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HEAD,<br><br>  Plaintiff,<br><br>  v.<br><br>J. ROCHA et al.,<br><br>  Defendants. | No. SA CV 21-1317-DOC (DFM)<br><br>Report and Recommendation of United States Magistrate Judge |

This Report and Recommendation is submitted to the Honorable David O. Carter, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. BACKGROUND

In August 2021, Plaintiff Charles Head, a federal prisoner, filed a civil rights complaint under 42 U.S.C. § 1983. See Dkt. 1 ("Complaint"). He alleges that the misconduct of certain police officers forced him to plead guilty, in 2006, to a state firearm charge. See id. at 8-10. Recently, a state court vacated that conviction and found him factually innocent. See id. at 15. He now seeks damages from the officers for allegedly violating his constitutional rights. See id. at 17-18.

Plaintiff names as Defendants J. Rocha and Quinn, two La Habra Police Department officers. See id. at 6.[1] He alleges that they conspired to violate his Fourth Amendment rights in 2005 by searching his home without a warrant and seizing his property. See id. at 8. He also alleges that Rocha made several false statements in a police report about that search, resulting in a 6-hour detention and various losses, expenses, and court penalties. See id. at 9-10, 13-14. Plaintiff's claims fall under several legal theories: (1) unreasonable search and seizure in violation of the Fourth Amendment; (2) fabrication of evidence in violation of Plaintiff's due process rights under the Fourteenth Amendment; (3) malicious prosecution in violation of the Fourth and Fourteenth Amendments; and (4) false imprisonment in violation of the Fourth Amendment. See id. at 8-15.

Defendants move to dismiss, arguing that the Complaint is time-barred. See Dkt. 12 ("Motion"). Plaintiff filed an Opposition, see Dkt. 18 ("Opp'n"), and Defendants a Reply, see Dkt. 19.[2] As explained further below, because only some of Plaintiff's claims are time-barred, the Court recommends that the Defendants' motion be GRANTED in part and DENIED in part.

## II. SUMMARY OF FACTUAL ALLEGATIONS

In 1996 or 1997, Plaintiff purchased an Intratec AB-10 firearm from a gun shop in Orange County, California. See Complaint at 11. The firearm was registered in Plaintiff's name. See id. at 9, 11.

On September 5, 2005, Rocha and Quinn came to Plaintiff's residence in La Habra, California. See id. at 8. According to Rocha's police report, four

---

[1] Plaintiff voluntarily dismissed two other Defendants: a detective whose identity was unknown to Plaintiff and a prosecutor that the Court determined was absolutely immune from suit. See Dkt. 6 at 5-7; Dkt. 7 at 1.

[2] More precisely, Defendant Rocha filed the Motion, which Defendant Quinn joined. See Dkt. 15 (notice of joinder); Reply at 2 n.1.

police officers were dispatched there in response to an audible burglar alarm. See id., Exh. A.³ The report falsely states that the front door was open. See id. at 9. Rocha, acting without a warrant, entered Plaintiff's residence and "searched for and seized [his] Intratec AB-10 firearm," along with many bullets, two magazines, and a gun bag from underneath his bed. Id. at 8. Quinn "conspired" with Rocha by using a neighbor's discovery of three empty shell casings to justify the search. Id.; see also id., Exh. A.

Rocha then prepared a "false police report" containing several "untrue assertions" about the search. Id. at 9. Among them, Rocha asserted that "the gun was found in plain sight." Id. Most importantly, however, Rocha asserted that a "records check of the gun revealed that there was no record available for the gun," and that the gun "had not been registered." Id. But Rocha "knew fully well that his 'records check' showed that plaintiff's AB-10 firearm . . . was registered in California and that plaintiff was lawfully in possession" of it. Id.

On February 16, 2006, while attempting to recover his property from the La Habra Police Department, Plaintiff was arrested and detained for 6 hours based on Rocha's false police report and another detective's false claim that Plaintiff admitted that day to never having registered the firearm. See id. at 11. The 6-hour detention prevented Plaintiff from operating his business and caused emotional injury. See id. at 11, 14.

Rocha then used his false police report to prosecute Plaintiff. See id. at 12. On or about March 6, 2006, a prosecutor submitted a criminal complaint against Plaintiff alleging that he had violated California Penal Code

---

³ The Court incorporates by reference the police report because Plaintiff attached it to the Complaint and because it forms the basis of Plaintiff's claims. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). However, since Plaintiff alleges that several facts stated in it are false, the Court does not assume its truth and refers to it only for background.

§ 12280(b). See Complaint at 12.[4] The prosecutor did so "without having any probable cause . . . and, in fact, knowing that plaintiff was innocent." Id. Nonetheless, on April 27, 2006, Plaintiff pleaded guilty. See id., Exh. B. The Orange County Superior Court fined him $1,000 and ordered him to be placed on 3 years of probation and to perform 40 hours of community service. See id. at 10. Plaintiff also had to pay legal fees of $15,000 to defend himself. See id.

### III. SUMMARY OF PROCEEDINGS

In 2008, a grand jury returned two criminal indictments against Plaintiff in the United States District Court for the Eastern District of California charging him with running a large-scale mail fraud scheme. See United States v. Head, No. 08-93 (E.D. Cal. indictment filed Feb. 28, 2008) ("Head I"); United States v. Head, No. 08-116 (E.D. Cal. indictment filed Mar. 13, 2008) ("Head II").[5] In 2013, juries found him guilty on all counts. See Head I, Dkt. 773; Head II, Dkt. 463.

In 2014, as part of the federal sentencing process, Plaintiff obtained a record indicating that his Intratec firearm had been properly registered with the

---

[4] At the time, that section provided, "Any person who, within this state, possesses any assault weapon . . . is punishable by imprisonment in a county jail [or state prison] for a period not exceeding one year." Cal. Penal Code § 12280(b) (eff. Jan. 1, 2006, to Dec. 31, 2006). A person who lawfully possessed such a weapon prior to its being legally designated as such had to timely register it with the California Department of Justice. See id. § 12285(a) (eff. Jan. 1, 2005, to Dec. 31, 2008).

[5] The Court takes judicial notice of filings from Plaintiff's various court proceedings. See Fed. R. Evid. 201. Accordingly, Plaintiff's Motion to Strike Defendants' references to those filings (see Opp'n at 1-3) is DENIED. At any rate, the Court takes judicial notice only to establish the existence of the proceedings and not to draw any conclusions about whether the Complaint's allegations are true or false. See Missud v. Nevada, 861 F. Supp. 2d 1044, 1054 (N.D. Cal. 2012), aff'd, 520 Fed. App'x 534 (9th Cir. 2013). The Court assumes that the Complaint's allegations are true.

state of California. See Dkt. 12-2 at 23, Motion to Vacate Sentence under Penal Code Section 1473.7(a)(2), Exh. D. He objected at sentencing that his criminal history score should not reflect the 2006 conviction because new evidence showed that he was factually innocent of the charge. See Head I, Dkt. 1058 at 27-32; Head II, Dkt. 617 at 27-32. The court overruled his objection, stating that it was bound to give effect to the conviction, but that Plaintiff could potentially seek to establish his factual innocence through a habeas petition. See Head I, Dkt. 1058 at 32; Head II, Dkt. 617 at 32.

On January 7, 2021, Plaintiff filed in the Orange County Superior Court a motion to vacate his 2006 conviction due to the newly discovered evidence of his factual innocence. See Dkt. 12-2 at 1. On February 19, 2021, the court granted the motion. See Complaint, Exh. C. It found Plaintiff "factually innocent" of the 2006 charge and granted Plaintiff's motion to withdraw his prior guilty plea. Id. The Deputy District Attorney agreed that Plaintiff was factually innocent at the time of the plea. See id.

## IV. DISCUSSION

### A. Parties' Arguments

Defendants argue that Plaintiff's entire case is time-barred. See Motion at 1, 4-7. They assert that, because "the incident giving rise to [Plaintiff's] current claims" occurred "at the latest, in 2006, [his claims] are facially time-barred as of 2008." Id. at 4. They also complain that due to Plaintiff's 15-year delay in filing suit, "evidence has long ago been purged and some involved officers have since retired." Id. at 6.

Plaintiff argues that his case is timely for two reasons: (1) his claims did not accrue until his conviction was overturned in February 2021; and (2) even if his claims accrued earlier, the running of the limitations period would have been tolled so long as his conviction stood, because the conviction legally prevented him from asserting his claims under the rule of Heck v. Humphrey,

512 U.S. 477 (1994). See Opp'n at 4-8. As relevant here, that rule provides that, to recover damages for harm caused by actions whose unlawfulness would render a conviction invalid, a plaintiff must first show that the conviction has been invalidated. See Heck, 512 U.S. at 486.

**B.   Applicable Law**

Section 1983 claims are subject to the forum state's statute of limitations for personal-injury claims and to any state tolling provisions not inconsistent with federal law. See Wallace v. Kato, 549 U.S. 384, 387 (2007). In California, the limitations period for a personal-injury claim is 2 years after the claim accrues. See Cal. Civ. Proc. Code § 335.1. Its running is tolled by California Code of Civil Procedure § 356 "during any period in which the plaintiff is legally prevented from taking action to protect his rights." Mills v. City of Covina, 921 F.3d 1161, 1167 (9th Cir. 2019) (citation omitted).

Its running is also tolled, in certain cases, by California Government Code § 945.3. That section bars, while criminal charges are pending, the filing of civil actions for damages against a peace officer based on his or her conduct relating to a charged offense. See Cal. Gov. Code § 945.3; Lockett v. County of Los Angeles, 977 F.3d 737, 740 (9th Cir. 2020). The same section tolls "[a]ny applicable statute of limitations for filing and prosecuting these actions" while the charges are "pending," i.e., from the filing of criminal charges with a court until the court renders judgment on them. Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997).

"Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues is a question of federal law, conforming in general to common-law tort principles." McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019) (citation omitted). Under federal law, a claim presumptively accrues "when the plaintiff has a complete and present cause of action." Id. (citation omitted). Generally, that is "when the plaintiff knows or

has reason to know of the injury which is the basis of the action." <u>Lukovsky v. City & County of San Francisco</u>, 535 F.3d 1044, 1048 (9th Cir. 2008). However, it "is not always so simple." <u>McDonough</u>, 139 S. Ct. at 2155 (citations omitted). The "accrual analysis begins with identifying the specific constitutional right alleged to have been infringed." <u>Id.</u>

**C.  Analysis**

    **1.  Search and Seizure Claims**

Plaintiff alleges that Rocha and Quinn infringed his Fourth Amendment right to be free from unreasonable searches and seizures of his property when they conspired to search his residence and seize his firearm on September 5, 2005. See Complaint at 8. Search and seizure claims accrue when the allegedly unlawful search or seizure takes place. <u>See</u> <u>Mills</u>, 921 F.3d at 1166. Plaintiff's search and seizure claims therefore accrued on September 5, 2005.

Plaintiff contends that there is a "general consensus" that search and seizure claims do "not accrue under <u>Heck</u> until the criminal charges have been dismissed." Opp'n at 7 (citing <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1014 (9th Cir. 2000)). That is no longer correct. "<u>Harvey</u>'s deferred accrual rule" for search and seizure claims, "has been 'effectively overruled' and is no longer good law." <u>Mills</u>, 921 F.3d at 1166 n.1 (quoting <u>Miller v. Gammie</u>, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).

Tolling is insufficient to make these claims timely. Tolling under California Code of Civil Procedure § 356 was not triggered because the <u>Heck</u> rule did not legally prevent Plaintiff from filing these claims. <u>See</u> <u>Mills</u>, 921 F.3d at 1168 ("[W]here, as here, a § 1983 claim accrues pre-conviction, the <u>possibility</u> that <u>Heck</u> may require [its] dismissal . . . is not sufficient to trigger tolling under California Code of Civil Procedure § 356."). Tolling under California Government Code § 945.3 lasted only 53 days while the firearm charge was pending against Plaintiff, from March 6 to April 27, 2006. <u>See</u>

Complaint at 12 & Exh. B. Finally, nothing in federal law provides for tolling of these claims. See Wallace, 549 U.S. at 394 (declining to adopt a "federal tolling rule" for claims that accrue pre-conviction).

In sum, Plaintiff's search and seizure claims accrued on September 5, 2005. The 2-year limitations period would have expired on September 5, 2007, except that it was tolled for 53 days, such that it expired on October 28, 2007. Accordingly, these claims are time-barred and subject to dismissal.

### 2. False Imprisonment Claim

Plaintiff alleges that Rocha infringed his Fourth Amendment right to be free from unreasonable seizures of his person when Plaintiff was detained in the custody of the La Habra Police Department for 6 hours on February 16, 2006. See Complaint at 13-14. False imprisonment claims accrue when the alleged false imprisonment ends. See Wallace, 549 U.S. at 389. This claim therefore accrued on February 16, 2006.

The same tolling analysis that applied to Plaintiff's search and seizure claims applies to his false imprisonment claim. California Code of Civil Procedure § 356 did not provide tolling because the Heck rule did not legally prevent him from filing it. See Mills, 921 F.3d at 1168. California Government Code § 945.3 only provided 53 days of tolling. See Complaint at 12 & Exh. B. No federal law provided tolling. See Wallace, 549 U.S. at 394. Accordingly, the 2-year limitations period would have expired on February 16, 2008, except that it was tolled for 53 days, such that it expired on April 9, 2008. This claim is time-barred and subject to dismissal.

### 3. Malicious Prosecution Claim

Plaintiff alleges that Rocha infringed his constitutional right to be free from malicious prosecution. See Complaint at 12-14. A claim for malicious prosecution accrues when the allegedly improper criminal proceedings terminate in the plaintiff's favor. See Heck, 512 U.S. at 489; Awabdy v. City of

8

Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence."); McGuffin v. Dannels, No. 20-1163, 2021 WL 4453106, at *9 n.4 (D. Or. July 27, 2021) (noting that malicious prosecution claims accrued after plaintiff's conviction was vacated), report and recommendation adopted, 2021 WL 4449975 (D. Or. Sept. 28, 2021).

The Orange County Superior Court found Plaintiff factually innocent of the firearm charge and vacated his conviction on February 19, 2021. See Complaint, Exh. C. His malicious prosecution claim therefore accrued on February 19, 2021. Plaintiff filed this action in August 2021, so this claim is timely.

Defendants complain that allowing the suit to proceed would put them in the difficult position of tracking down old evidence. See Motion at 6. However, had Plaintiff asserted this claim in 2006, as Defendants suggest that he should have, it would have been dismissed for failure to allege that the criminal proceedings terminated in his favor. "Nothing in Heck itself places a time limit on when a conviction must be vacated in order for the delayed accrual rule to apply." Lisker v. City of Los Angeles, No. 09-9374, 2013 WL 1276047, at *36 (C.D. Cal. Feb. 4, 2013), aff'd, 780 F.3d 1237 (9th Cir. 2015); see also Roberts v. County of Riverside, No. 19-1877, 2020 WL 3965027, at *5 (C.D. Cal. June 5, 2020) (finding that plaintiff's state-law claims based on an allegedly wrongful conviction in 1998 did not accrue until 20 years later when the conviction was overturned). This claim is not time-barred.

### 4. Fabricated Evidence Claim

Plaintiff alleges that Rocha violated his due process rights under the Fourteenth Amendment by falsely stating in a police report that Plaintiff's firearm was not registered. See Complaint at 9-10. A fabricated evidence claim

9

accrues "[o]nly once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of Heck." McDonough v. Smith, 139 S. Ct. at 2159.

Plaintiff's criminal proceeding ended in his favor, and his conviction was invalidated within the meaning of Heck, on February 19, 2021. See Complaint, Exh. C. His fabricated evidence claim did not accrue until then. See McDonough, 139 S. Ct. at 2158; Lisker, 2013 WL 1276047, at *34-35 (finding that fabricated evidence claim accrued when plaintiff's state-court conviction was invalidated in federal habeas proceeding); McGuffin, 2021 WL 4453106, at *9 n.4 (noting that fabricated evidence claims accrued after plaintiff's conviction was vacated). This claim is not time-barred.

## V. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; (2) granting Defendant's Motion to Dismiss in part as to Plaintiff's search, seizure, and false imprisonment claims; (3) dismissing those claims with prejudice as time-barred; and (4) denying Defendant's Motion to Dismiss in part as to Plaintiff's malicious prosecution and fabricated evidence claims.

Date: March 2, 2022

DOUGLAS F. McCORMICK
United States Magistrate Judge